STEPHEN TREADWAY *v.* TILSON WALDEN ET AL.

Pleading—Petition—Presumptive Heirs.
Where, in a petition, presumptive heirs are made known to the court, it is error to require the plaintiff to proceed against other, unknown heirs.

Same—Dismissal of Petition.
The allegations that his vendor was an heir of her deceased brothers and sisters, and that he is entitled to her inheritance, is sufficient, and a dismissal of the petition, without prejudice, is erroneous.

Same—Forced Election.
The forced election, of the purchaser, is erroneous, after the appearance to the suit of one of the claimants, as he should neither be compelled to pay the amount of purchase nor accept the deed, until an adjudication of title.

Parties—Non-Residents and Unknown Heirs.
In a suit to confirm a title to a purchase of lands, and there be non-resident or unknown heirs, the court should not order them proceeded against as such, as time would bar their claim on such judgment.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

July 7, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Peter Wells died more than forty years since, domiciled in Montgomery county, where he possessed some 94 acres of land. He had five children by a first and seven by a second wife. The land was partitioned by county court proceedings assigning to his surviving widow 31 acres and the remainder was divided into 12 parcels, assigning one to each child. Treadway long after Wells' death purchased of Mrs. Clark and her husband, she being a daughter of decedent, all her interest in the land.

Decedent's daughter, Nancy, intermarried with John Bowman, by whom she had several children; she and her husband moved to Tennessee, where she died many years since, after which her husband moved to Virginia, whither he carried the children, who

are now claiming to represent said Nancy and we think they have reasonably established their heirship and are entitled to lot No. 6, assigned their mother also her part of the dower land and then they are also heirs to their deceased uncles and aunts who have not been heard of so long as to raise the presumption of death without surviving issue.

Elizabeth, another of decedent's daughters, intermarried with Summers and they removed to Madison county, in this state, many years since and have been lost sight of since, but no evidence in this case raises the presumption of their decease without surviving issue, no process to Maddison county or other evidence shows that they are not still residing there or if dead have not issue.

Many if not all of the other children have been unheard of so long since their removal from the state as to raise the presumption of their death, also of want of surviving issue; in this state of case the legal heirs of Peter Wells or his deceased children that are made known to the court are the presumptive heirs of such of his children as have removed from the state and who are presumed to be dead, leaving no known descendants; as there are presumptive heirs on the sustained allegations on that subject it would be inconsistent to require the plaintiff to proceed against unknown heirs; by his allegations and proof he is trying to make it appear that Mrs. Clark is the heir at law of her deceased brothers and sisters, and that he by virtue of his purchase is entitled to her share of the land so inherited. Hence the dismissal of his petition even without prejudice was erronous.

The forced election of the purchaser was also erroneous for, after the appearance of Nancy Bowman's heirs, his purchase should likely have been vacated as he can not without their consent get a good title and he should neither be compelled to pay the money nor accept the deed in the present state of preparation, but upon the final hearing, if he can get a good title and there shall be no cause to set aside the sale, it should then be confirmed.

If the non-resident children of Peter Wells, deceased, be still alive or have died leaving surviving issue, it is far better for them that they shall not be proceeded against as non-residents or unknown heirs, for time may bar their claims on a judgment against them as such, and if they are not made parties these pro-

ceedings can not in the least affect them only so far as adverse possession might bar them.

Treadway, as the vendee of Mrs. Clark, can not as sole heir of the presumed deceased heirs, of Peter Wells claim all this land but the other heirs so far as is known or not presumed to be dead must also participate.

It is not perceived why Walden as his vendee should be permitted to keep any of this land; they do not seem to represent any heirs of Peter Wells and exhibit no title paper whatever but appear to be mere volunteers without right.

Wherefore the judgment is reversed with directions for further proceedings consistent herewith. Judge Peters not sitting.

*Reid & Reid, Turner & James, for appellant.*

*Apperson, for appellee.*